**Frank Kerting, Defendant in Error, v. Henry R. Planz et al., Plaintiffs in Error.**

**Gen. No. 16,308.**

VARIANCE—*how objection must be raised.* A general objection is not sufficient; the variance must be pointed out upon the trial with such specificness as to enable the plaintiff to amend.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 28, 1912.

J. SCOTT MATTHEWS, for plaintiffs in error.

ARNOTT STUBBLEFIELD, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Defendant in error, hereinafter called the plaintiff, filed his statement of claim in the Municipal Court, alleging that plaintiffs in error, Henry R. Planz and George Green, co-partners as Planz & Green, hereinafter called defendants, were indebted to him for a balance due on an open account in the sum of $426.24

with interest. The jury found for the plaintiff and judgment was entered on the verdict.

The disputed items in the account are many, and the testimony is, as described by the attorney for the defendants, "in irreconcilable conflict." Both counsel agree that the verdict of the jury was based on what was claimed to be an account stated between the parties. The account is said to have been agreed upon at a meeting between the plaintiff, his counsel, and the two defendants, held for the purpose, if possible, of arriving at an agreement on the items of the account in dispute and as to the balance due plaintiff. The testimony concerning what was said and done at this meeting is hopelessly conflicting. There is some evidence tending to corroborate the plaintiff's story on this point, in that the next day following the date of this meeting, notes for the amount which plaintiff claims was agreed upon were drawn up and mailed to the defendants with a letter requesting defendants to sign the same in settlement of all open accounts. The jury evidently gave greater credence to the testimony of the plaintiff, and gave its verdict for the amount which the two witnesses for the plaintiff testified had been agreed upon at the conference between the parties.

It is urged that the proof of the agreement on the account is at variance with the statement of claim, and that the testimony touching this agreement was inadmissible; and this seems to be true. But defendants did not properly raise that point at the trial. A mere general objection is not sufficient. The defendants should have pointed out the variance at the time, so as to enable plaintiff to amend his statement of claim. "To present the question of variance as one of law, the evidence should have been objected to at the time it was offered on that ground, or when the variance became apparent, counsel should have moved to exclude the evidence, or in some other appropriate way, the question should have been so raised that the trial judge

could have passed upon it, and to properly raise the question in any of these modes, the variance should have been distinctly pointed out, so as to enable the trial judge to pass upon it understandingly and to enable the plaintiff, if such course should become necessary, to obviate the objection by an amendment to the declaration. In none of these ways was the objection raised.    *    *    *    Having failed so to do, he must be deemed to have waived the objection.'' Libby, McNeill & Libby v. Scherman, 146 Ill. 540 (549).

We find no substantial error in the rulings of the court or in the giving or refusing of instructions, and there is no reason to believe that the verdict of the jury was contrary to the weight of the evidence. The judgment is therefore affirmed.

*Affirmed.*